IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | ID No. 1508007349 & 1605021048 |
| | : | In and for Kent County |
| v. | : | |
| | : | |
| JUSTIN HARRINGTON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Submitted:  February 16, 2017
Decided:  February 28, 2017

On this 28th day of February, 2017, upon consideration of the Defendant's Motion for Sentence Modification pursuant to Superior Court Criminal Rule 35(b), it appears that:

1. On October 12, 2016, Defendant Justin Harrington (hereinafter "Mr. Harrington") entered pleas of guilty to two separate third offense driving under the influence charges.  These two separate driving under the influence charges occurred within a short time frame, resulting in them both qualifying as third offenses for sentencing purposes.  Pursuant to the plea agreement, the parties jointly recommended that the sentence include the minimum unsuspended Level V time of 180 days, as a result of the permissible suspension of mandatory time pursuant to 21 *Del. C.* § 4177(d)(9).  The Defendant accepted the plea offer, and entered the plea.  Thereafter, the Court accepted the recommendation and sentenced Mr. Harrington accordingly.

2. Mr. Harrington filed a timely motion for modification of sentence.  The sentencing Judge subsequently recused himself from the case.  In his Motion, Mr. Harrington claims that he has health concerns that warrant relief from his sentence

pursuant to 11 *Del. C.* § 4221. That provision provides, in relevant part, that

> a court may modify, defer, suspend or reduce a minimum or mandatory sentence of 1 year or less, or a portion thereof, where the court finds by clear and convincing evidence . . . that the person to be sentenced suffers from a serious . . . infirmity . . . with continuing treatment needs which make incarceration inappropriate and that such person does not constitute a substantial risk to the community.[1]

3. Pursuant to Superior Court Criminal Rule 35(b), this motion for reduction of sentence "will be considered without presentation, hearing or argument unless otherwise ordered by the court."[2] In *State v. Hoffman*, the Superior Court held that 11 *Del. C.* § 4221 relief was not available pursuant to a Rule 35(b) motion for modification of sentence.[3] In that case, the Court recognized that the language in § 4221 permitted relief from minimum mandatory time only for a person "to be sentenced" and therefore held it did not apply to modifications since such a defendant has already been sentenced.[4] In one sense, however, after a successful Rule 35(b) motion, there would be a modified sentence that results in a new sentencing. Accordingly, the defendant in such a case would again be a person "to be sentenced" bringing the defendant within the language of 11 *Del. C.* § 4221. The statute also provides that the Court "*may modify* . . . a minimum or mandatory sentence."[5] In giving effect to all provisions of the statute, the Court disagrees with the decision in *State v. Hoffman*, and finds that § 4221 of Title 11 does permit a modification of

---

[1] 11 *Del. C.* § 4221.

[2] Super. Ct. R. 35(b).

[3] 2014 WL 3955714, at *2 (Del. Super. Ct. Aug. 12, 2014).

[4] *Id.*

[5] 11 *Del. C.* § 4221 (emphasis added).

2

sentence under the proper circumstances.

4. After reviewing Mr. Harrington's motion, however, the Court does not find that his motion or supporting materials provide sufficient information to reach the level of clear and convincing evidence of the statutory requirements necessary to warrant a modification. Moreover, Mr. Harrington's two separate third offense driving under the influence convictions occurred within such a short enough time frame that neither qualified as a prior offense. Under the circumstances of this case, Mr. Harrington's drinking and driving make him a substantial risk to the community absent the incarceration that the Court imposed. Since the materials submitted, accepted as true, do not warrant a modification, the Court will not schedule an evidentiary hearing in this matter.

WHEREFORE, Defendant Harrington's Motion for Reduction of Sentence is not warranted and is therefore DENIED.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge

3